JEFFREY W. HANSEN, OSB #923290
Email: jhansen@smithfreed.com
JOSEPH A. ROHNER IV, OSB #064919
Email: jrohner@smithfreed.com
SMITH FREED & EBERHARD PC
111 SW 5th Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

Of Attorneys for Defendant Infantino, LLC

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LISA COCHRAN, Personal Representative of the Estate of Derrik Fowler, LISA COCHRAN, individually, and JERRID FOWLER,<br><br>Plaintiffs,<br><br>vs.<br><br>INFANTINO, LLC; JOHN DOES DISTRIBUTORS and WHOLESALERS; STEP 2 HOLDINGS, LLC; MICHAEL PARNESS; BRIDGET WEISS; MICHAEL SILBERSTEIN; MARK SILBERTSEIN; and BURLINGTON COAT FACTORY OF OREGON, LLC.<br><br>Defendants. | Case No.6:10-CV-06016-TC<br><br>DEFENDANT STEP 2 HOLDINGS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br>REQUEST FOR ORAL ARGUMENT |

**MEMORANDUM**

Plaintiffs do not provide any indication of the grounds on which they ask this Court to exercise personal jurisdiction over Step 2 Holdings, LLC ("Step 2"). It is their obligation to do so. To the extent Plaintiffs refuse to elaborate on this critical procedural matter, Step 2 asks the

PAGE 1 - DEFENDANT STEP 2 HOLDINGS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

229110

Court to dismiss Step 2 from the case entirely under Rule 12(b)(2). In the alternative and under Rule 12(e), Step 2 requests the Court order Plaintiffs to provide the required jurisdictional allegations so that Step 2 may prepare its defense to Plaintiffs' allegations.

## FACTUAL BACKGROUND

The following is taken from Plaintiffs' Third Amended Complaint. This case is a products liability wrongful death action involving a baby carrier known as the Infantino SlingRider. Third Am. Complaint ¶ 10. The Third Amended Complaint alleges that Step 2 is an Ohio corporation (even though its name indicates that it is an LLC), that it has a principal place of business in Ohio, and that it is the parent of Infantino, LLC. Third Am. Complaint ¶ 5. Plaintiffs allege that Step 2 "took an active role" in marketing the SlingRider, and that Step 2 knew or should have known of alleged defects in the product. Third Am. Complaint ¶ 10. Plaintiffs assert claims against Step 2 for (1) Product Liability / Wrongful Death, (2) Negligence / Wrongful Death, (3) Intentional Infliction of Emotional Distress, and (4) Intentional Conduct / Wrongful Death.

Nevertheless, the Third Amended Complaint is silent as to the factual allegations necessary to establish Step 2's alleged contacts with the State of Oregon, or how those alleged contacts relate to the events of this lawsuit. Thus, Step 2 brings the instant Motion.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to challenge the complaint for lack of personal jurisdiction. Personal jurisdiction over an out-of-state defendant in this district is typically governed by Oregon state law. Fed. R. Civ. P. 4(k)(1)(A). In Oregon, courts of general jurisdiction have jurisdiction over parties in certain circumstances, as well as in any case in which the "prosecution of the action against a defendant in this state is not inconsistent

with the Constitution of this state or the Constitution of the United States." ORCP 4 L. Because ORCP 4's "catch-all jurisdictional rule confers personal jurisdiction coextensive with due process," "the analysis collapses into a single framework and the court proceeds under federal due process standards." *Millennium Enters., Inc. v. Millennium Music, LP,* 33 F. Supp. 2d. 907, 909 (D. Or. 1999).

In order for personal jurisdiction to exist over a non-resident defendant, the defendant must have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945); *Millennium Enters., Inc.,* 33 F. Supp. 2d. at 909. Minimum contacts can be demonstrated through a showing of either general personal jurisdiction or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). The plaintiff bears the burden of establishing a prima facie showing of personal jurisdiction. *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).

## DISCUSSION

I. **STEP 2 SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION. IN THE ALTERNATIVE, PLAINTIFFS MUST MAKE A MORE DEFINITE STATEMENT OF PERSONAL JURISDICTION.**

   A. **Unless Plaintiffs State Their Basis for Personal Jurisdiction, Step 2 Should be Dismissed from this Action.**

Federal Rule of Civil Procedure 8(a)(1) requires that any "pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[.]" Moreover, "[w]hen a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Menken v.*

*Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Tellingly, Plaintiffs acknowledge that Step 2 is not an Oregon entity because they have expressly pleaded that Step 2 is located in Ohio. Third Am. Complaint ¶ 5. Nevertheless, Plaintiffs do not state why (nor even if) they believe this Court has personal jurisdiction over Step 2.

Step 2 respectfully requests the Court dismiss this action as to Step 2. Personal jurisdiction is not a trivial matter that can simply be glossed over, as the Ninth Circuit's decision in *Menken* makes clear. If the Court has personal jurisdiction, it is incumbent upon Plaintiffs to demonstrate why. Otherwise, this case should be dismissed.

      **B.    In The Alternative, Plaintiffs Must Make the Court's Basis for Personal Jurisdiction More Definite.**

As an alternative to dismissal, Step 2 respectfully requests that this Court order Plaintiffs under Rule 12(e) to make it clear why they believe this Court has personal jurisdiction. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

A non-resident defendant's minimum contacts can be shown through general personal jurisdiction or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Here, Step 2 is entitled to know whether Plaintiffs are asking the Court to assert general or specific personal jurisdiction over Step 2. This question will have a material impact on Step 2's defense. If, for example, Plaintiffs ask the Court to assert general personal jurisdiction over Step 2, it must be proven that Step 2 has "continuous and systematic" contacts with Oregon. *Helicopteros Nacionales de Columbia, S.A.*, 466 US at 415. This standard is "fairly high," so much so "that the defendant's contacts be of the sort that

approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Step 2 should not be required to guess at whether it has to defend such a stringent standard if Plaintiffs simply wish to allege specific personal jurisdiction.

Unlike general jurisdiction, specific personal jurisdiction requires there to be a relationship between the defendants forum-state contacts and the plaintiff's alleged injuries:

> (A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws;
>
> (B) the claim must arise out of or result from defendant's forum-related activities; and
>
> (C) exercise of jurisdiction must be reasonable.

*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). While contract lawsuits often focus more on purposeful availment, a "purposeful direction analysis . . . is most often used in suits sounding in tort." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The test of purposeful direction derives from *Calder v. Jones*, 465 US 783 (1984), and requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Step 2 is entitled to know how it must defend itself, and can only be fully informed if it knows whether Plaintiffs wish to draw a connection between their alleged injuries and Step 2's alleged contacts in Oregon. Thus, to the extent the Court does not dismiss Step 2 entirely, Plaintiffs should be required to assert their personal jurisdictional bases against Step 2 with sufficient clarity to permit Step 2 to respond in its own defense.

## CONCLUSION

The Third Amended Complaint should be dismissed as to Step 2 Holdings LLC under Rule 12(b)(2). In the alternative, under Rule 12(b)(e), Plaintiffs should be ordered to provide a more certain basis for their allegations in support of personal jurisdiction.

Dated this 20th day of May, 2011.

SMITH FREED & EBERHARD P.C.

By: /s/ Jeffrey W. Hansen
Jeffrey W. Hansen, OSB #923290
jhansen@smithfreed.com
Joseph A. Rohner IV, OSB #064919
jrohner@smithfreed.com
Email for Service:
Hansen-Service@smithfreed.com
Of Attorneys for Defendant Infantino, LLC

JEFFREY W. HANSEN, OSB #923290
Email: jhansen@smithfreed.com
JOSEPH A. ROHNER IV, OSB #064919
Email: jrohner@smithfreed.com
SMITH FREED & EBERHARD PC
111 SW 5th Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

    Of Attorneys for Defendant Infantino, LLC

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF OREGON

| | |
|---|---|
| LISA COCHRAN, Personal Representative of the Estate of Derrik Fowler, LISA COCHRAN, individually, and JERRID FOWLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>INFANTINO, LLC; JOHN DOES DISTRIBUTORS and WHOLESALERS; STEP 2 HOLDINGS, LLC; MICHAEL PARNESS; BRIDGET WEISS; MICHAEL SILBERSTEIN; MARK SILBERTSEIN; and BURLINGTON COAT FACTORY OF OREGON, LLC.<br><br>    Defendants. | Case No. 6:10-CV-06016-TC<br><br>CERTIFICATE OF SERVICE |

I hereby certify that on May 20, 2011, I served the foregoing **DEFENDANT STEP 2 HOLDINGS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on:

| | |
|---|---|
| Brian Whitehead<br>Law Offices of Brian R. Whitehead, P.C.<br>1610 12th Street SE<br>Salem, OR 97302<br>Email: brian@attywhitehead.com<br>Fax: (503) 364-2655<br><br>Counsel for Plaintiffs | Eugene H. Buckle<br>Cosgrave Vergeer & Kester, LLP<br>805 SW Broadway, 8th Floor<br>Portland, OR 97205<br>Email: ebuckle@cvk-law.com<br>Fax: (503) 323-9019<br><br>Counsel for Defendant Burlington Coat Factory |

PAGE 7 - DEFENDANT STEP 2 HOLDINGS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

2291 10

|     |     |
| --- | --- |
| \_\_\_\_\_ | by facsimile transmission thereof to the number shown above, and |
| _X_ | by mailing copies thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid. |
| _X_ | by electronically filing the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys listed above. |

                                                    SMITH FREED & EBERHARD P.C.

By:    */s/ Jeffrey W. Hansen*
         Jeffrey W. Hansen, OSB #923290
         jhansen@smithfreed.com
         Joseph A. Rohner IV, OSB #064919
         jrohner@smithfreed.com
         Email for Service:
               Hansen-Service@smithfreed.com
         Of Attorneys for Defendant Infantino, LLC