JEFFREY W. HANSEN, OSB #923290
Email: jhansen@smithfreed.com
JOSEPH A. ROHNER IV, OSB #064919
Email: jrohner@smithfreed.com
SMITH FREED & EBERHARD PC
111 SW 5th Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

     Of Attorneys for Defendant Infantino, LLC

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LISA COCHRAN, Personal Representative of the Estate of Derrik Fowler, LISA COCHRAN, individually, and JERRID FOWLER, | Case No.6:10-CV-06016-TC |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS DEFENDANTS MICHAEL PARNESS, BRIDGET WEISS, MICHAEL SILBERSTEIN, AND MARK SILBERSTEIN |
| vs. | |
| INFANTINO, LLC; JOHN DOES DISTRIBUTORS and WHOLESALERS; STEP 2 HOLDINGS, LLC; MICHAEL PARNESS; BRIDGET WEISS; MICHAEL SILBERSTEIN; MARK SILBERTSEIN; and BURLINGTON COAT FACTORY OF OREGON, LLC. | REQUEST FOR ORAL ARGUMENT |
| Defendants. | |

## MEMORANDUM

Plaintiffs attempt to assert claims against the newly named individual defendants,

Michael Parness, Bridget Weiss, Michael Silberstein, and Mark Silberstein (collectively the

"Individual Defendants").  Plaintiffs' Third Amended Complaint fails because this Court lacks

personal jurisdiction over the Individual Defendants.  Moreover, all of the Individual

Defendants' allegedly tortious conduct is subject to the fiduciary shield doctrine.  Thus, the

Individual Defendants should be dismissed from this action.

 This Motion is supported by the Declaration of Bridget Weiss ("Weiss Dec."), the

Declaration of Michael Silberstein ("Michael Silberstein Dec."), the Declaration of Mark

Silberstein ("Mark Silberstein Dec."), the Declaration of Michael Parness ("Parness Dec."), the

Court file and the arguments in this Memorandum.

## FACTUAL BACKGROUND

 The following is taken from Plaintiffs' Third Amended Complaint and the Declarations

filed herewith.  This case is a products liability wrongful death action involving a baby carrier

(the SlingRider) manufactured by Defendant Infantino.  Third Am. Complaint ¶ 10.  The Third

Amended Complaint alleges that each of the Individual Defendants "was and is an employee

and/or officer of Defendant, Infantino, LLC and was acting within the course and scope of [his or

her] employment with Infantino, LLC."  Third Am. Complaint ¶¶ 6-10.  Despite Federal Rule of

Civil Procedure 8's mandate that a plaintiff must include "a short and plain statement of the

grounds for the court's jurisdiction," Plaintiffs fail to allege why they believe this court has

personal jurisdiction over the Individual Defendants.  In fact, Plaintiffs do not assert the state in

which each Individual Defendant resides, what act or acts purportedly give this Court personal

jurisdiction or how those acts are related to Plaintiffs' alleged damages.  The Individual

Defendants, therefore, provide the following information for the Court's jurisdictional analysis.

 Individual Defendant Bridget Weiss has been a resident of Encinitas, California for the

past eight and one-half years.  Weiss Dec. ¶ 2.  Since September 2007, Ms. Weiss has been Vice

President of Finance for Infantino.  Weiss Dec. ¶ 5.  All of the work Ms. Weiss performed with

respect to the Infantino SlingRider, which is at the center of this action, was done solely as part of her job duties with Infantino.  Weiss Dec. ¶ 4.  Ms. Weiss does not recall traveling to Oregon, nor does she recall interacting with any person or business entity in Oregon.  Weiss Dec. ¶¶ 3, 6.

Individual Defendant Michael Silberstein is a resident of La Jolla, California, and has lived at the same residence since 1989.  Michael Silberstein Dec. ¶ 3.  Michael Silberstein was Infantino's President until 2007, after which time he has performed consulting work for Infantino.  Michael Silberstein Dec. ¶ 2. He has never traveled to Oregon, nor does he recall speaking with or interacting with persons or entities in Oregon.  Michael Silberstein Dec. ¶ 4.  Any activities performed with respect to the Infantino SlingRider were performed as part of Mr. Silberstein's job duties to Infantino.  Michael Silberstein Dec. ¶ 5.

Individual Defendant Mark Silberstein is a long-time resident of La Jolla, California, with the exception of a recent extended stay in Israel.  Mark Silberstein Dec. ¶ 3.  He participated in a management buyout of Infantino in 2000, and worked for Infantino from 1999 to 2008 in various capacities.  Mark Silberstein Dec. ¶ 2.  Concerning contacts with Oregon, Mark Silberstein has only visited Oregon on one occasion as part of a personal vacation to the Oregon coast near Coos Bay with his wife, son and in-laws.  Mark Silberstein Dec. ¶ 5.  All of the work activities Mark Silberstein performed concerning the SlingRider were done solely as part of his job duties.  Mark Silberstein Dec. ¶ 6.

Individual Defendant Michael Parness resided in California from 2004 to 2010, and is presently a resident of New Jersey.  Parness Dec. ¶ 3.  Mr. Parness worked for Infantino from 2004 to 2010.  However, he does not recall ever speaking with or interacting with individuals in Oregon, nor traveling to Oregon for any reason.  Parness Dec. ¶¶ 2, 4.  All of the activities Mr.

Parness performed with respect to the SlingRider were done solely in his capacity as an employee of Infantino.  Parness Dec. ¶ 5.

## STANDARDS

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to challenge a complaint for lack of personal jurisdiction.  Personal jurisdiction over an out-of-state defendant in this district is governed by Oregon state law.  Fed. R. Civ. P. 4(k)(1)(A).  Oregon courts have jurisdiction over parties in certain circumstances, especially when the "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4 L.  Because ORCP 4 L's "catch-all jurisdictional rule confers personal jurisdiction coextensive with due process," a personal jurisdiction "analysis collapses into a single framework and the court proceeds under federal due process standards." *Millennium Enters., Inc. v. Millennium Music, LP,* 33 F. Supp. 2d. 907, 909 (D. Or. 1999).

As a matter of due process, a non-resident defendant must have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945); *Millennium Enters., Inc.,* 33 F. Supp. 2d. at 909.  Minimum contacts can be shown through either general personal jurisdiction or specific personal jurisdiction.  *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).  The plaintiff bears the burden of establishing a prima facie showing of personal jurisdiction.  *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).

/ / /

/ / /

/ / /

## DISCUSSION

I.    **THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED UNDER THE FIDUCIARY SHIELD DOCTRINE.**

The Individual Defendants will demonstrate that Plaintiffs have not pleaded an adequate basis for personal jurisdiction. This problem cannot be cured. Before beginning that analysis, however, the Individual Defendants also base this Motion to Dismiss on the fiduciary shield doctrine. Dismissal of the Individual Defendants is proper because all of the alleged conduct in the Third Amended Complaint arises from the performance of individual job responsibilities on behalf of Defendant Infantino outside of Oregon.

### A.    The Fiduciary Shield Doctrine.

The exercise of personal jurisdiction over an employee of a non-resident corporation or an LLC invokes the fiduciary shield doctrine. "Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (1989). Instead, there must be some reason for the court to disregard the corporate form. *Id.* The Ninth Circuit views this doctrine similarly to the shield of personal liability that the corporate form can provide. *Id.* at 520-21 (internal citations omitted). In fact, the fiduciary shield doctrine is generally only disregarded in cases of actual fraud directed at a specific plaintiff. *Id.* at 521 (distinguishing "general untargeted negligence" with intentional torts "expressly aimed at the forum state.").

The legal principles underpinning this doctrine are well settled. As the Ninth Circuit has held, "a corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." *Forsythe v. Overmyer*,

576 F.2d 779, 783-84 (9th Cir. 1978); *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981) (same).  Moreover, where the Individual Defendants are concerned, it is of no importance whatsoever whether this Court has personal jurisdiction over Defendant Infantino. "[J]urisdiction depends only upon each defendant's relationship with the forum." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).  Simply stated, acts performed for an out-of-state employer are not sufficient to confer personal jurisdiction on an individual defendant.

This Court has routinely applied the fiduciary shield doctrine.  In *Harry and David v. J&P Acquisition*, for example, the court lacked personal jurisdiction over individual defendant Donald Hachenberger based, in large part, on the fiduciary shield doctrine.  2009 WL 4892296, *6-*7 (D. Or. Dec. 17, 2009) (Panner, J., adopting Report and Recommendation of Clark, M.J.). "The fiduciary shield doctrine does apply to Defendant Donald Hachenberger." *Id.*

The same outcome was reached in *Sidco v. Wimar Tahoe Corp.*, 768 F. Supp. 1343 (D. Or. 1991).  There, the individual defendant (Yung) had no Oregon contacts "other than contacts arising from his position as an officer and principal of [corporation] Wimar." *Id.* at 1349.  As the Court held, "[a] corporate officer who has contact with a forum only in the performance of his official duties is not subject to the personal jurisdiction of the courts in that forum." *Id.* (citing *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376 (1981)).

This Court frequently applies the fiduciary shield rule:

- *EQ Solutions v. Funk*, 2004 WL 816850, *1 (D. Or. Apr. 14, 2004) ("The fiduciary shield doctrine precludes plaintiffs from relying on these contacts to establish jurisdiction over defendant in his individual capacity.");

- *Perry v. Vandelay Industries S.A.R.L.*, 2002 WL 31488246, *4 (D. Or. June 6, 2002) ("[T]he fiduciary shield doctrine applies because this contact is on behalf of Mojo [the company].");

- *Blackthorne v. Posner*, 883 F. Supp. 1443, 1449 (D. Or. 1995) ("Jurisdiction over an individual director or officer of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individual maintains contacts with the forum state that would subject him to the coverage of the state's long-arm statute and comport with due process.") (internal citations omitted);

- *Pac. Cornetta, Inc. v. Jung*, 218 F.R.D. 250, 255 (D. Or. 2003) ("There is no evidence that the Jungs had a relationship with Oregon other than through their official actions on behalf of Aalum Trading, Inc. and Joy Toy, Inc. As a result, jurisdiction does not exist over the Jungs."); and

- *Lozano v. Am. Exp. Travel Related Services, Inc.*, 2002 WL 31478132, *3 (D. Or. 2002) ("Finally, these contacts are attributable to the employer rather than the individual employees under the fiduciary shield doctrine. Therefore, this court does not have personal jurisdiction over defendants Pope and Ellis.") (internal citations omitted).

One of the only exceptions to the fiduciary shield rule occurs when a defendant expressly aims tortious conduct toward a known, specific plaintiff in a known forum state. Such was the case in *Calder v. Jones*, 465 U.S. 783 (1984), in which two Florida-resident National Enquirer employees allegedly committed libel against actress and California resident Shirley Jones. *Calder*, however, was a unique case, easily distinguishable from this litigation. There, the defendants did not simply assist in the manufacture or the sales of a particular consumer good. Rather, the defendants knowingly made a specific plaintiff "the focus of the activities of the defendants out of which the suit arises." *Id.* at 788. It was vital that Jones was well known to the public figure:

> [T]heir intentional, and allegedly tortious, actions were ***expressly aimed at California***. Petitioner South wrote and petitioner Calder edited an article that they ***knew would have a potentially devastating impact upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works*** and in which the *National Enquirer* has its largest circulation. Under the circumstances, petitioners must "reasonably anticipate being hauled into court there" to answer for the truth of the statements made in their article.

*Id.* at 789-90 (emphasis added) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *Kulko v. Superior Court,* 436 U.S. 84, 97-98 (1978); *Shaffer v. Heitner,* 433 U.S. 186, 216 (1977)).  Such unusual circumstances bear no resemblance to this action.

   B.    **Analysis - The Fiduciary Shield Rule Mandates Dismissal.**

   Here, the fiduciary shield rule applies to the Individual Defendants and mandates that the claims against them should be dismissed.  The Third Amended Complaint only alleges that the Individual Defendants committed torts in their respective capacities as employees or officers of Defendant Infantino, and that all acts were "in the course and scope" of that employment.  Third Am. Complaint ¶¶ 6-10.  Those alleged acts could only have been committed outside of Oregon, as none of the Individual Defendants performed such job duties in Oregon.  Weiss Dec. ¶¶ 3-6; Mark Silberstein Dec. ¶¶ 3-6; Michael Silberstein Dec. ¶¶ 3-5; Parness Dec. ¶ 4-5.  Under the long line of cases discussed above, the Individual Defendants are not subject to personal jurisdiction in Oregon.

   Importantly, and distinguishing this case from *Calder*, there is no allegation that any of the Individual Defendants knew Plaintiffs individually, or that they specifically targeted any of the Plaintiffs, or any other known person, in the forum State of Oregon.  The Individual Defendants have submitted evidence that they, in fact, did not know Plaintiffs prior to this lawsuit.  Weiss Dec. ¶ 7; Mark Silberstein Dec. ¶ 7; Michael Silberstein Dec. ¶ 6; Parness Dec. ¶ 6.  The Individual Defendants did not, therefore, target specific conduct toward the forum state. In no way could the Individual Defendants have known of the specific effects that their alleged conduct would have had upon Plaintiffs, whom the Individual Defendants did not know.

   Dismissal under Rule 12(b)(2) is appropriate based on the fiduciary shield doctrine.

## II.    THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED UNDER THE TRADITIONAL MINIMUM CONTACTS TEST.

The Individual Defendants should also be dismissed from the case under a traditional minimum conducts analysis. Simply based on the face of the Third Amended Complaint, there are no allegations that would support either general or specific personal jurisdiction.

### A.    General Personal Jurisdiction Is Absent.

For a court to assert general personal jurisdiction over a nonresident defendant, the plaintiff must demonstrate that the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A.,* 466 US at 415. The Ninth Circuit holds a "fairly high" standard for general jurisdiction, "and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). The Third Amended Complaint does not allege facts that even remotely approximate physical presence in Oregon. For that reason alone, Plaintiffs do not allege the kind of continuous, systematic contacts with Oregon that general jurisdiction requires.

To assist the Court's analysis, the Individual Defendants have submitted evidence that not one of them is subject to general personal jurisdiction in Oregon. Ms. Weiss, Mr. Parness, and Mr. Michael Silberstein have never been to Oregon. Weiss Dec. ¶ 3; Michael Silberstein Dec. ¶ 4; Parness Dec. ¶ 4. Mr. Mark Silberstein has only visited Oregon once on a personal vacation trip. Mark Silberstein Dec. ¶ 5. Certainly this one event is not the "continuous and systematic" level of contacts the Supreme Court contemplated in *Helicopteros*. Thus, because general subject matter jurisdiction is absent, Plaintiffs must rely on specific jurisdiction. Plaintiffs cannot measure up to that jurisdictional standard either.

/ / /

**B.    Specific Personal Jurisdiction is Absent.**

The Ninth Circuit uses a three-part test when analyzing specific personal jurisdiction:

(A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws;

(B) the claim must arise out of or result from defendant's forum-related activities; and

(C) exercise of jurisdiction must be reasonable.

*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  While contract lawsuits often focus more on purposeful availment, a "purposeful direction analysis . . . is most often used in suits sounding in tort." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  The test of purposeful direction derives from the aforementioned case *Calder v. Jones*, and requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  This test is often referred to as the *Calder* "effects test."

Presuming the facts as alleged in the Third Amended Complaint, however implausible they may be, Plaintiffs have alleged that the Individual Defendants "committed an intentional act[.]"  The Individual Defendants deny any tortious conduct whatsoever.  Nevertheless, Plaintiffs' allegations fail entirely on the second and third element.  Dismissal is appropriate.

> i.    Purposeful Direction: Expressly Aiming at the Forum State and Harm the Defendant Knows is Likely to be Suffered in the Forum State.

The Third Amended Complaint fails to allege that the Individual Defendants expressly aimed their allegedly tortious conduct at Oregon.  Under Ninth Circuit precedent, "express aiming" requires that the defendant engage in "wrongful conduct targeted at a plaintiff ***whom the***

*defendant knows to be a resident of the forum state.*" *Bancroft & Masters*, 223 F.3d at 1087

(emphasis added).  It is an element of personal jurisdiction, therefore, that the defendant must

know the identity of the plaintiff, and must know that the plaintiff resides in the forum state.

"Express aiming" is the touchstone that confers or denies personal jurisdiction to the Court.

"The presence of individualized targeting is what separates these cases from others in which we

have found the effects test unsatisfied." *Id.*

There is no allegation that the Individual Defendants knew who Plaintiffs were, that they

resided in Oregon or that Plaintiffs were somehow specifically targeted.  The only evidence on

this point demonstrates the opposite.  Weiss Dec. ¶ 7; Mark Silberstein Dec. ¶ 7; Michael

Silberstein Dec. ¶ 6; Parness Dec. ¶ 6.  This is crucial under Ninth Circuit precedent.  *See*

*Bancroft & Masters, Inc.*, 223 F.3d at 1088 ("In *Cybersell,* for example, there was no showing

that the defendants even knew of the existence of the plaintiffs, let alone targeted them

individually.").  The Third Amended Complaint only asserts a "conscious intent" to cause

injuries or death to any and all infant users of the Infantino Sling Rider.  Third Am. Complaint ¶

28.  The Individual Defendants, of course, deny such unfounded allegations.  For this Court's

jurisdictional analysis, however, Plaintiffs' far-fetched allegations demonstrate that even

Plaintiffs do not believe that the Individual Defendants specifically targeted Plaintiffs, knowing

they were residents of Oregon, and while purposefully aiming tortious conduct toward that forum

state.  Moreover, the Individual Defendants have submitted evidence that establishes that such

activities did not take place and that they did not know the Plaintiffs existed.  Weiss Dec. ¶ 7;

Mark Silberstein Dec. ¶ 7; Michael Silberstein Dec. ¶ 6; Parness Dec. ¶ 6.

Personal jurisdiction is lacking in this action.  In *Calder*, the National Enquirer reporters

knew that Jones was a California resident and specifically targeted her in California, knowing

that she would be harmed in California. Here, the Individual Defendants only worked for non-resident company Infantino. This alone is not sufficient to confer this Court with personal jurisdiction over the Individual Defendants. To the contrary, even though Plaintiffs cast the activities at issue as "intentional" acts, the Third Amended Complaint reads much more like the generalized and alleged "untargeted negligence" that cannot constitute purposeful direction. *Calder*, 465 U.S. at 789; *Schwarzenegger*, 374 F.3d at 807. Dismissal of the Individual Defendants is appropriate.

        ii.        Personal Jurisdiction Would be Unreasonable.

As an independent reason why the Individual Defendants should be dismissed from this action, exercising personal jurisdiction over any of the Individual Defendants under the circumstances of this case would be unreasonable. *Sher*, 911 F.2d at 1361. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citations omitted).

Here, Plaintiffs fail to establish that the Individual Defendants have purposefully directed their conduct toward Oregon. Strictly speaking, therefore, the analysis need go no farther. Even so, the Individual Defendants can present a "compelling case" that personal jurisdiction over them would be highly unreasonable. As this Court recognizes, imposing personal jurisdiction on a defendant whose primary contacts with a forum state arise from activities performed as an employee of another is inherently unreasonable. In *Harry and David v. J&P Acquisition*, for example, the Court not only cited the fiduciary shield doctrine as a reason for not finding personal jurisdiction, but also recognized that "personal jurisdiction over [individual] Defendants Hachenberger would be unreasonable." 2009 WL 4892296, *7 (D. Or. Dec. 17, 2009). It would

be similarly unreasonable to subject the Individual Defendants to personal jurisdiction here when all of their alleged acts occurred as employees or directors of Infantino outside of Oregon.

Importantly, Plaintiffs expressly allege that the Individual Defendants' activities occurred only in their capacities as employees or directors of an out-of-state company. Third Am. Complaint ¶¶ 6-10. None of the Individual Defendants resides in Oregon, nor do any of them have significant (if any) contacts with this state. Weiss Dec. ¶¶ 3-6; Mark Silberstein Dec. ¶¶ 3-6; Michael Silberstein Dec. ¶¶ 3-5; Parness Dec. ¶¶ 3-6. Requiring Individual Defendants to defend this lawsuit in a state that is strange to them is simply not reasonable under the circumstances. Dismissal under Rule 12(b)(2) is appropriate.

/ / /

/ / /

/ / /

## CONCLUSION

The Third Amended Complaint fails to demonstrate or allege the facts necessary to support this Court's exercise of general or specific personal jurisdiction over the Individual Defendants. Accordingly, the Third Amended Complaint should be dismissed as to the Individual Defendants. Every act alleged against the Individual Defendants purportedly transpired in the course and scope of their individual duties as employees and/or officers of Defendant Infantino. Thus, the fiduciary shield doctrine precludes any exercise of personal jurisdiction. Moreover, the Third Amended Complaint fails to demonstrate how the Individual Defendants knowingly and purposely directed their conduct toward the Plaintiffs in Oregon. Dismissal is appropriate. Finally, exercising personal jurisdiction would not be reasonable. The Individual Defendants respectfully request an order from the Court granting the same.

Dated this 20th day of May, 2011.

SMITH FREED & EBERHARD P.C.

By:   */s/ Jeffrey W. Hansen*
       Jeffrey W. Hansen, OSB #923290
       jhansen@smithfreed.com
       Joseph A. Rohner IV, OSB #064919
       jrohner@smithfreed.com
       Email for Service:
             Hansen-Service@smithfreed.com
       Of Attorneys for Defendant Infantino, LLC

JEFFREY W. HANSEN, OSB #923290
Email: jhansen@smithfreed.com
JOSEPH A. ROHNER IV, OSB #064919
Email: jrohner@smithfreed.com
SMITH FREED & EBERHARD PC
111 SW 5th Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

     Of Attorneys for Defendant Infantino, LLC

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF OREGON

| | |
|---|---|
| LISA COCHRAN, Personal Representative of the Estate of Derrik Fowler, LISA COCHRAN, individually, and JERRID FOWLER, | Case No. 6:10-CV-06016-TC |
| Plaintiffs, | CERTIFICATE OF SERVICE |
| vs. | |
| INFANTINO, LLC; JOHN DOES DISTRIBUTORS and WHOLESALERS; STEP 2 HOLDINGS, LLC; MICHAEL PARNESS; BRIDGET WEISS; MICHAEL SILBERSTEIN; MARK SILBERTSEIN; and BURLINGTON COAT FACTORY OF OREGON, LLC. | |
| Defendants. | |

I hereby certify that on May 20, 2011, I served the foregoing **MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS DEFENDANTS MICHAEL PARNESS, BRIDGET WEISS, MICHAEL SILBERSTEIN, AND MARK SILBERSTEIN** on:

| | |
|---|---|
| Brian Whitehead<br>Law Offices of Brian R. Whitehead, P.C.<br>1610 12th Street SE<br>Salem, OR 97302<br>Email: brian@attywhitehead.com<br>Fax: (503) 364-2655 | Eugene H. Buckle<br>Cosgrave Vergeer & Kester, LLP<br>805 SW Broadway, 8th Floor<br>Portland, OR 97205<br>Email: ebuckle@cvk-law.com<br>Fax: (503) 323-9019 |
| Counsel for Plaintiffs | Counsel for Defendant Burlington Coat Factory |

_____ by facsimile transmission thereof to the number shown above, and

__X__ by mailing copies thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

__X__ by electronically filing the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys listed above.

SMITH FREED & EBERHARD P.C.

By:   /s/ Jeffrey W. Hansen
   Jeffrey W. Hansen, OSB #923290
   jhansen@smithfreed.com
   Joseph A. Rohner IV, OSB #064919
   jrohner@smithfreed.com
   Email for Service:
     Hansen-Service@smithfreed.com
   Of Attorneys for Defendant Infantino, LLC