UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LISA COCHRAN, Personal Representative of the Estate of Derrik Fowler, LISA COCHRAN, individually, and JERRID FOWLER<br><br>Plaintiffs,<br><br>v.<br><br>BURLINGTON COAT FACTORY OF OREGON, LLC, INFANTINO, LLC; JOHN DOES DISTRIBUTORS and WHOLESALERS and JOHN DOES EMPLOYEES AND OFFICERS OF INFANTINO, LLC.<br><br>Defendants. | 10-CV-6016-TC<br><br>FINDINGS and RECOMMENDATION |

COFFIN, Magistrate Judge:

### INTRODUCTION

Plaintiffs brings several claims in this action arising from the death of an infant. On May 3, 2009, plaintiff Lisa Cochran purchased an Infantino Baby Sling from Burlington Coat Factory. On May 7, 2009, the decedent, Derrik Fowler, was found unconscious in the sling while the sling was around

Page 1 - FINDINGS and RECOMMENDATION

the neck of plaintiff Lisa Cochran. When the baby was discovered unconscious, the baby's father, plaintiff Jerrid Fowler, began unsuccessful CPR.

Plaintiff Lisa Cochran originally brought six separate claims – three in her representational capacity as personal representative for the estate of her son; and three for her own emotional distress. Plaintiff Jerrid Fowler also originally brought three separate claims for his own emotional distress. Defendant Infantino and defendant Burlington moved to dismiss all of the parents' individual claims, and most were dismissed with the exception of claims brought by Cochran and Fowler for intentional infliction of emotional distress.[1]

Plaintiffs' subsequently moved to amend and plaintiffs were allowed to file their Third Amended Complaint which added new defendants. Step 2 Holdings, LLC, defendant Infantino's parent company, was added as a defendant. Plaintiffs also added individual defendants. The individual defendants, Parness, Silverstein, Silberstein and Weiss, are employees and/or officers of defendant Infantino.

Presently before the court are motions (#74, #76) to dismiss for lack of personal jurisdiction from defendant Step 2 Holdings and the individual defendants.

Plaintiffs bear the burden of making a prima facie showing of personal jurisdiction and the facts on which that jurisdiction rests. American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). A prima facie showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. Shedrain Corp. v. Bondi Sales Corp., 132 F.Supp. 2d 1299, 1301-02 (D. Or. 2001).

---

[1] Defendants have recently moved against these claims in motions for partial summary judgment.

Page 2 - FINDINGS and RECOMMENDATION

Rule 12(b)(2) does not permit plaintiffs to merely rest on bare allegations of personal jurisdiction and nothing more. A court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."Data Disc, Inc., v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977); Alexander v. Circus Circus Enterprises, Inc. 972 F.2d 261, 262 (9th Cir. 1992) (same).

## DISCUSSION

Plaintiffs did not provide evidence with their briefing in opposition to the motions to dismiss or at the oral argument on this matter. As discussed in more detail below, the motions should be allowed as plaintiffs have not met their burden of making a prima facie showing of personal jurisdiction over these particular defendants.

### I. The Individual Defendants' Motion to Dismiss

The individual defendants are employees and/or officers of defendant Infantino. They reside in California and New Jersey and have had extremely little to no contact with Oregon. Plaintiffs contend, without submitting evidence, that there is personal jurisdiction over these defendants based on the allegations of the complaint. "The key allegations in this case are that the individual defendants, on behalf of the parent corporation, took direct action which resulted in the decision to market the product in Oregon, the forum state." P. 5 of Opposition (#88). Plaintiffs allege that the individual defendants "made critical decisions on behalf of Infantino which resulted in the fact Infantino marketed the sling to Derrick Fowler's parents when defendants knew it was likely to cause the injuries and death subject to this complaint. Paragraph 23 of Third Amended Complaint. Plaintiffs also allege that "the aforementioned conduct was a conscious intent on the part of the [individual defendants] to cause injury or death to infants whose parents use the sling. Id. at

Page 3 - FINDINGS and RECOMMENDATION

Paragraph 28. Plaintiffs do not allege that defendant aimed or targeted the conduct specifically in Oregon or even knew the plaintiffs. The foregoing, even if it could confer jurisdiction without some evidence, does not confer jurisdiction. See, e.g., Calder v. Jones, 465 U.S. 783 (1984); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The fiduciary shield doctrine applies to the individual defendants. "Under the fiduciary shield doctrine, a person's mere association with a a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person. Davis v. Metro Productions Inc., 885 F.2d 515, 520 (1989); also see, Sidco v. Wimar Tahoe Corp., 768 F.Supp 1343 (D. Or. 1991). Plaintiffs have not adequately shown that the individual defendants had continuous and systematic contacts with Oregon, or took some action whereby the individual defendants purposely availed themselves of the privilege of conducting activities in Oregon. Moreover, exercising jurisdiction over these individual defendants would not be reasonable in the circumstances of this case.

In addition, the individual defendants have submitted affidavits contradicting these allegations and plaintiffs have not submitted admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. Plaintiffs have failed to make a prima facie showing of the existence of personal jurisdiction over the individual defendants.

II. Step 2 Holdings' Motion to Dismiss

Step 2 Holdings is the parent of Infantino and is an Ohio company with a principal place of business in Ohio. The allegations of the Third Amended Complaint regarding Step 2 that plaintiffs set forth in the Opposition are bare and do not contain much detail. Plaintiffs contend that personal jurisdiction can be exercised over Step 2 because plaintiffs:

> fairly allege that Defendant Step 2 Holdings, LLC, as the owner and
> parent corporation of Infantino, directed Infantino's actions to market

Page 4 - FINDINGS and RECOMMENDATION

> the sling, while knowing that the sling was defective and would cause the death of Derrick Fowler.[2]  Jurisdiction of Step 2 Holdings involves all the same actions as the other individual defendants, and thus jurisdiction is appropriate as argued in plaintiff's memo in opposition to the motion to dismiss filed on behalf of the individual defendants (hereby incorporated by reference). Finally, the fact that Step 2 is a separate corporation does not exculpate Step 2 for its own conduct. Plaintiff's have alleged that the parent company controlled the subordinate. The corporate form may be disregarded in cases where the corporation is the alter ego of the defendant.

P. 3 of Opposition(#89).

Such is the entirety of plaintiffs' opposition to Step 2's motion. No evidence was submitted. Other than alleging in the complaint the parental relationship and that Step 2 directed Infantino, plaintiffs do not elaborate on their passing reference to an alter ego. Similar to the analysis and outcome in the previous section hereto, plaintiffs have failed to make a prima facie case showing the existence of personal jurisdiction over Step 2.

## CONCLUSION

The motions (#74, #76) to dismiss for lack of personal jurisdiction from defendant Step 2 Holdings, LLC and defendants Parness, Silverstein, Silberstein and Weiss should be allowed and these defendants should be dismissed.

DATED this 27 day of September, 2011.

THOMAS M. COFFIN
United States Magistrate Judge

---

[2] Plaintiffs actually alleged that Step 2 "knew that the sling that caused the death of Derrick Fowler was defective" and had "foreknowledge that injuries and death would occur as a result of the use of the sling". Paragraphs 26 and 27 of Third Amended Complaint.

Page 5 - FINDINGS and RECOMMENDATION